UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARK MAY, | ) |
|    Plaintiff, | ) ) ) |
|       v. | )   No. 2: 18-cv-47 ) |
| INDIANA STATE POLICE MASTER TROOPER MATT AMES. in his Individual capacity, | ) ) ) ) |
|    Defendant. | ) ) |

**Complaint for Damages**

**Introduction**

1.	While driving by Indiana State Police Master Trooper Matt Ames, who was parked after stopping another motorist, Mark May made a rude gesture from his car directed toward the Master Trooper. Master Trooper Ames pursued Mr. May and when Mr. May pulled his car over Mr. May was cited by the Master Trooper for the offense of "provocation." The charges were eventually dismissed, but only after Mr. May had to stand trial and take a *de novo* appeal from his conviction. While perhaps ill advised, Mr. May's gesture, which in no way interfered with the Master Trooper's lawful activities, was fully protected by the First Amendment.  Additionally, there was no cause whatsoever to have stopped Mr. May. His traffic stop was a seizure implicating the Fourth Amendment. Mr. May's constitutional rights were violated and Master Trooper Ames is liable for Mr. May's damages.

[1]

**Jurisdiction, venue, and cause of action**

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and § 1343.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by Federal Rule of Civil Procedure 57 and by 28 U.S.C. § 2201 and § 2202.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.      Mark May is an adult resident of Vigo County, Indiana.

7.      Matt Ames is an Indiana State Police Master Trooper, who at all relevant times was employed by the Indiana State Police. He is sued in his individual capacity.

**Facts**

8.      On August 21, 2017, Mark May was driving in Terre Haute, Indiana.

9.      While driving he observed Indiana State Police Master Trooper Matt Ames who was driving in a patrol car behind him.

10.     However, while Mr. May was slowing down at an intersection Master Trooper Ames aggressively cut in front of him while turning onto State Road 41.

11.     Mr. May concluded that the Master Trooper was pursuing another motorist for an infraction that had taken place on a Terre Haute street.

12.     Mr. May was upset that Master Trooper Ames had been patrolling on a Terre Haute street, which Mr. May believed was outside of the Master Trooper's jurisdiction and not a wise use of police resources.

13. Mr. May was also concerned that the Master Trooper had pulled suddenly in front of him at the intersection—a maneuver that Mr. May believes would have earned him a ticket if he had done it in front of the Master Trooper.

14. Master Trooper Ames pulled over the driver on State Road 41, in front of Mr. May who was driving behind the Master Trooper.

15. To express his dissatisfaction with what the Master Trooper was doing, Mr. May, as he drove past the Master Trooper, made a rude gesture, commonly known as "giving the finger."

16. Mr. May did not in any way obstruct or interfere with what Master Trooper Ames was doing. The gesture lasted only a second or two, and Mr. May continued driving toward his destination.

17. Nevertheless, after Mr. May made the gesture Master Trooper Ames abandoned what he was doing with the motorist he had pulled over and pursued Mr. May.

18. The Master Trooper turned on his car's flashing lights while behind Mr. May

19. Mr. May was seized at this point as no reasonable person would have believed that he or she was free to ignore the Master Trooper and, in fact, Mr. May was not free to ignore the Master Trooper.

20. Mr. May pulled into a parking lot and Master Trooper Ames followed him.

21. The Master Trooper exited his car and told Mr. May that it was illegal to "give the finger" to a law enforcement officer.

22. The Master Trooper was quite angry and loud and Mr. May was concerned about the Master Trooper's demeanor.

23. Master Trooper Ames wrote Mr. May a ticket for the offense of "provocation." Ind. Code § 35-42-2-3. The officer also indicated that Mr. May had not used his turn signal when he turned into the parking lot in response to the officer's flashing lights. However, Master Trooper Ames only gave Mr. May a warning ticket for that offense. Mr. May does not recall whether he used his turn signal or not.

24. Mr. May's actions did not constitute the offense of provocation and Master Trooper Ames lacked any basis in fact to believe that they did.

25. Mr. May contested the provocation ticket. This required two separate appearances in Terre Haute City Court.

26. Mr. May is self-employed as a carpet cleaner and because of the uncertainty as to how long court appearances would take he was not able to schedule any work for the two days he had to appear in court and he lost income.

27. At the trial in Terre Haute City Court Master Trooper Ames admitted that the sole reason he stopped Mr. May was because of his gesture.

28. Mr. May was found guilty by the Terre Haute City Court of the offense of provocation.

29. Mr. May sought *de novo* review of the matter in Vigo Superior Court, as allowed by Indiana law, which resulted in the vacating of the conviction.

30. The Vigo County Prosecutor's Office declined to proceed further with the case and the claim against Mr. May was dismissed with prejudice. There are therefore no charges pending against Mr. May.

31. Mark May's gesture to Master Trooper Ames was expressive conduct that was fully protected by the First Amendment to the United States Constitution.

32. Master Trooper Ames had no grounds whatsoever to initiate the stop of Mr. May and the traffic stop represents a seizure implicating the Fourth Amendment to the United States Constitution.

33. The traffic stop was unreasonable under the circumstances and was made without probable cause.

34. Mark May has been damaged by the actions of Master Trooper Ames.

**35.** At all times Master Trooper Ames acted under color of state law.

**Claims for relief**

36. Defendant's actions in stopping plaintiff and giving him a ticket for the offense of provocation violated the First Amendment to the United States Constitution as plaintiff was engaged in expressive activity fully protected by that constitutional provision.

37. Defendant had no cause whatsoever to initiate the stop of plaintiff and the stop represents an unconstitutional seizure in violation of the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that the action of the defendant violated plaintiff's constitutional rights for the reasons note above.

3. Award plaintiff his damages.

4.   Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

5.   Award all other proper relief.


                                          /s/ Kenneth J. Falk
                                          Kenneth J. Falk
                                          No. 6777-49


                                          /s/ Jan P. Mensz
                                          Jan P. Mensz
                                          No. 33798-49
                                          ACLU of Indiana
                                          2457 E. Washington St., Suite Z
                                          Indianapolis, IN 46201
                                          317/635-4059
                                          fax: 317/635-4105
                                          kfalk@aclu-in.org
                                          jmensz@aclu-in.org

                                          Attorneys for Plaintiff